UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| CAROLYN REVEL, | ) |
| Plaintiff, | ) Civil Action No. 5:25-CV-00235-CHB-MAS |
| v. | ) |
| MENARD, INC., *et al.*, | ) **ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDED DISPOSITION** |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Matthew A. Stinnett on January 30, 2026, which recommends that Defendant Bill Hamilton's Motion for Partial Dismissal, [R. 12], be denied, and Plaintiff's Motion to Remand, [R. 4], be granted. [R. 16]. The Magistrate Judge's Recommended Disposition advised the parties that any objections must be filed within fourteen days, making the final date to file objections February 13, 2026. *Id.* at 11. Neither party has filed any objections to the Recommended Disposition and the time to do so has passed. For the reasons set forth below, the Court will adopt the Magistrate Judge's Recommended Disposition and deny Johnson's underlying motion.

On May 5, 2025, Plaintiff filed this case in the Madison Circuit Court seeking damages from Defendants that resulted from Defendants' alleged negligent maintenance of their store in Richmond, Kentucky. [R. 4-1, p. 1]. On July 10, 2025, Defendants removed the case to this Court. [R. 1]. On July 24, 2025, Plaintiff filed a Motion to Remand the case back to the Madison Circuit Court arguing that the Court lacks subject matter jurisdiction over Plaintiff's negligence claims. [R. 4-1, pp. 5–6]. Specifically, Plaintiff argued that "Mrs. Revel and Bill Hamilton are both Kentucky residents. Consequently, there is not complete diversity between the parties in this matter

since at the time of removal Bill Hamilton, a Kentucky resident, remains a party." *Id.* at 6. In response, Defendant Menard, Inc. argued that Bill Hamilton was fraudulently joined to the case, and consequently, "should be disregarded for jurisdictional purposes." [R. 5, p. 7]. Defendant Menard, Inc. stated that "[w]ith complete diversity established and removal both timely and proper, Plaintiff's Motion to Remand should be denied." *Id.* Thereafter, Defendant Bill Hamilton also filed a Motion for Partial Dismissal. [R. 12].

After reviewing both motions, the Magistrate Judge considered the relevant law for the issue of fraudulent joinder and Plaintiff's claims against Hamilton. [R. 16, pp. 3–10]. Ultimately, the Magistrate Judge concluded that

> . . . Revel's complaint has asserted facts to support a theory of liability against Hamilton. Revel has alleged that Hamilton was a manager of the store and failed to exercise ordinary care to maintain the premises of the Menards store in Richmond, Madison County, Kentucky, in a reasonably safe condition, and free of obstructions of a dangerous nature and dangerous conditions, for the use of Menard's invitees, including [Revel].

*Id.* at 9 (citation and quotation marks omitted). The Magistrate Judge noted that while "the legal theory against Hamilton is problematic and one that may not result in success for Revel," "at this early stage, the Court cannot affirmatively say the claim is wholly without merit." *Id.* at 10. Accordingly, the Magistrate Judge recommended that Defendant Bill Hamiliton's Motion for Partial Dismissal be denied, and consequently, with the Court lacking subject matter jurisdiction due to a lack of complete diversity of the parties, Plaintiff's Motion to Remand should be granted. *Id.*

Generally, this Court must make a de novo determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985).

Parties who fail to object to a Magistrate Judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with the Magistrate Judge's Recommended Disposition. Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition, [**R. 16**], is **ADOPTED** as the opinion of this Court.

2. Defendant Bill Hamilton's Motion for Partial Dismissal, [**R. 12**], is **DENIED**.

3. Plaintiff's Motion to Remand, [**R. 4**], is **GRANTED**.

4. This case is **REMANDED** back to Madison Circuit Court and **STRICKEN** from the Court's docket.

This the 18th day of February, 2026.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY